IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

RUBY A. STULTZ, )
 )
      Plaintiff, )
 )
v. )
 )
WAL-MART STORES, INC. a Delaware )
Corporation )
(SCC ID: #F0438418) )
 )   Case No. 4:15CV00055
AND )
 )
WAL-MART STORES EAST, LP, a Foreign )
Limited Partnership Organized Under the Law of the )
State of Delaware )
T/A Wal-Mart Supercenter #1243, 976 )
Commonwealth Blvd., Martinsville, VA 24112 )
 (SCC ID #M0093452) )
 )
      Defendants. )

## NOTICE OF REMOVAL

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP, come by counsel and, pursuant to 28 U.S.C. § 1332, as amended, and in accordance with 28 U.S.C. §§ 1441 and 1446, as amended, Fed. R Civ. P. 81 (c), and other applicable law, hereby remove the action described below to the United States District Court for the Western District of Virginia. In support, Defendants state as follows:

### PROCEDURAL BACKGROUND

1. Plaintiff Ruby A. Stultz ("Stultz" or "Plaintiff"), filed a Complaint in the Circuit Court of Henry County, Virginia, Case No. CL15000393-00. The Complaint was filed on September 2, 2015. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff did not request that the Defendants be served with her Complaint and the Defendants have yet to be served with Plaintiff's Complaint.

3. Plaintiff's Complaint alleges she suffered injuries by reason of the Defendants' negligence in purportedly creating and causing a dangerous hazard in the Wal-Mart Supercenter located at 976 Commonwealth Blvd., Martinsville, Virginia, in Henry County, Virginia.

## REMOVAL IS PROPER

4. Removal is timely. See 28 U.S.C. § 1446(b). Defendants received a copy of Plaintiff's Complaint by facsimile on or about October 28, 2015. Service of the Complaint, however, has not been effected. Thus, this Notice of Removal is filed prior to service of the Complaint on Defendants. The Supreme Court has held that "if the complaint is filed in court prior to any service, the removal period runs from service of the summons." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347, 119 S. Ct. 1322, 1325 (1999). An action may properly be removed to federal court after commencement in state court and prior to service of the complaint. E.g., Abraham v. Cracker Barrel Old Country Store, Inc., 2011 U.S. Dist. LEXIS 49186, at *8-10 (E.D. Va. May 9, 2011) (interpreting § 1446(b), Murphy, and Virginia law to permit removal prior to formal service of complaint); see Delgado v. Shell Oil, Inc., 231 F.3d 165, 177 (5th Cir. 2000); Verrinder v. Wal-Mart Corp., 2013 U.S. Dist. LEXIS 184436, at *7-8 (M.D.N.C. Aug. 2, 2013); Carroll v. Amex Assur. Co., 2007 U.S. Dist. LEXIS 90414, at *7-8 (N.D. W.Va. Dec. 7, 2007).

5. Venue lies in this Court because Plaintiff's action is pending in this District and Division. See 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), as amended, Defendants are providing Plaintiff with written notice of removal.

7. Defendants are filing a copy of this Notice of Removal with the clerk of the Circuit Court of Henry County, Virginia. A true and correct copy of this Notice of Filing Notice of

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

6784/263/7367888v1

Removal is attached hereto as **Exhibit 2**. Plaintiff is hereby notified to proceed no further in state court.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as amended, because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) Citizens of different States[.]" Id. § 1332(a)(1). Specifically, and as alleged in Plaintiff's Complaint, Stultz seeks judgment in the amount of $750,000.00; Defendant Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas; and Defendant Wal-Mart Stores East, LP, is a Delaware limited partnership, with its principal place of business also in Bentonville, Arkansas. (Complaint, ¶ 1). Accordingly, original federal diversity jurisdiction exists here.

Based on the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the claim should be adjudicated in this Court, as the action is properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

WAL-MART STORES, INC. AND
WAL-MART STORES EAST, LP.

By: _____
Of Counsel

J. Rudy Austin (VSB No. 3312)
Evans G. Edwards (VSB No. 79588)
GENTRY LOCKE
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
Phone: (540) 983-9300
Fax: (540) 983-9400
Email: austin@gentrylocke.com
edwards@gentrylocke.com

Counsel for Defendants

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

3

6784/263/7367888v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 10, 2015, we presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system and hereby certify that we have mailed the document by first-class U.S. mail to:

Ebb H. Williams, III, Esq.
Ebb H. Williams, III, P.C.
P.O. Box 1009
Martinsville, VA 24114

*Counsel for the Plaintiff*

                                                                   Of Counsel